UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMINDA RAMIREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR DOWNEY 2005-AR6, et. al.,<br><br>Defendants. | Civil No. 09cv1431 JAH (WMc)<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** [Doc. No. 28] **and DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT** [Doc. Nos. 20, 21] |

Pending before the Court is Defendant Deutsche Bank National Trust Company's motion to dismiss, Defendants Downey Savings and Loan and FCI Lender Services, Inc.'s motion to dismiss and Plaintiff's motion for leave to file a First Amended Complaint. After a review of the parties' submissions, the Court GRANTS Plaintiff's motion for leave to amend and DENIES the motions to dismiss as moot.

## DISCUSSION

Plaintiff moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15. The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ.P. 15(a). Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court

> or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. See Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; see also Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

Plaintiff seeks to amend her complaint "in light and in consideration of the pending Motions to Dismiss." Motion at 1. She maintains the deficiencies of her complaint noted by Defendants in their motions are addressed in her proposed First Amended Complaint

("FAC"). Specifically, she contends the FAC will clarify the liability of all defendants and set forth sufficient facts to support intentional misrepresentation by Downey Savings and Baja Realty Services, a proposed additional defendant. She further maintains the FAC will assert a claim for breach of fiduciary duty against Defendant Baja Realty only, sufficiently allege claims for violations of the Truth and Lending Act and the Real Estate Procedures Act as to Downey Savings, and properly allege a claim under California's Business and Professions Code § 17200, *et. seq.*, by clarifying the fraud allegedly perpetrated by Defendant Downey Savings and Baja Realty.

No defendant filed an opposition to the motion. This case is in its infancy and, therefore the proposed amendment does not appear to prejudice the defendants. Additionally, there is no evidence the motion was brought in bad faith or will cause undue delay. As such, the Court finds no valid reason to deny Plaintiff leave to amend.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a First Amended Complaint is **GRANTED**;
2. Plaintiff shall file and serve her First Amended Complaint **no later than October 1, 2010**.
3. Defendant Deutsche Bank National Trust Company's motion to dismiss and motion to expunge the *lis pendens* is **DENIED as moot**.
4. Defendants Downey Savings and Loan and FCI Lender Services, Inc.'s motion to dismiss is **DENIED as moot**.

DATED: September 10, 2010

JOHN A. HOUSTON
United States District Judge